# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1298
Lower Tribunal No. 24F-18985
_____


**N.H.,**
Appellant,

vs.

**Agency for Persons with Disabilities,**
Appellee.


An Appeal from the State of Florida, Department of Children and Families, Office of Appeal Hearings.

N.H., in proper person.

Erin W. Duncan, Chief Appellate Counsel (Tallahassee), for appellee.


Before FERNANDEZ, GORDO and GOODEN, JJ.

GORDO, J.

N.H. appeals from a final order of the Florida Department of Children and Families' Office of Appeal Hearings, affirming a decision by the Agency for Persons with Disabilities ("APD") to deny her application for enrollment in a Medicaid waiver program. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(C). We affirm.

## I.

APD administers the iBudget Waiver Program[1] to provide long-term care services to eligible individuals who prefer to receive services in their homes or community settings rather than in institutional facilities.

N.H. was born on January 8, 1996. In March 2019, she applied for enrollment in the iBudget Waiver Program under the eligibility categories of autism and intellectual disability. APD denied N.H's application, finding she did not meet the eligibility criteria, which require a showing that her claimed disabilities manifested before age eighteen. N.H. timely appealed the denial.

Following a hearing before the Office of Appeals Hearings, the hearing officer entered a final order affirming APD's determination that N.H. failed to meet the eligibility criteria for autism or intellectual disability. N.H. did not seek judicial review of that final order.

---

[1] The iBudget Florida Waiver is a Medicaid program managed by APD that provides home and community-based services to eligible individuals with developmental disabilities.

Nearly five years later, in May 2024, N.H. submitted a second application for enrollment in the iBudget Waiver Program under the same eligibility categories—autism and intellectual disability. APD again denied the application and determined that she was not eligible for the requested services. N.H. appealed the second denial and requested a hearing.

During the second administrative hearing, APD moved to dismiss the appeal on the grounds of administrative finality, arguing N.H. failed to provide any new information material to the eligibility determination. The hearing officer issued a final order dismissing the appeal, finding the issue presented in the second proceeding—N.H.'s eligibility under the autism and intellectual disability categories—was identical to the issue decided in the prior hearing, which had been fully and fairly litigated. The officer concluded that N.H. had failed to demonstrate any significant change in circumstances since the first final order. This appeal followed.

## II.

"We review an agency's conclusions of law de novo and we review the record to determine whether competent substantial evidence supports the agency's decision." G.R. v. Agency for Perss. with Disabilities, 315 So. 3d 107, 108 (Fla. 3d DCA 2020). "In doing so, 'we give no deference to agency interpretations of statutes or rules.'" Id. (quoting A.C. v. Agency for Health

Care Admin., 322 So. 3d 1182, 1187 (Fla. 3d DCA 2019)). "In interpreting a state statute or rule, a state court or an officer hearing an administrative action pursuant to general law may not defer to an administrative agency's interpretation of such statute or rule, and must instead interpret such statute or rule de novo." Art. V, § 21, Fla. Const.

### III.

N.H. argues her second application for services presented a materially different issue and the hearing officer therefore improperly dismissed her appeal.

The rule of administrative finality provides that "orders of administrative agencies must eventually pass out of the agency's control and become final and no longer subject to modification." Peoples Gas Sys., Inc. v. Mason, 187 So. 2d 335, 339 (Fla. 1966). "This rule assures that there will be a terminal point in every proceeding at which the parties and the public may rely on a decision of such an agency as being final and dispositive of the rights and issues involved therein." Id.

To overcome the doctrine of administrative finality, a subsequent application must be supported by new facts, changed conditions, or additional submissions material to the original agency determination. See Fla. Power & Light Co. v. Beard, 626 So. 2d 660, 662 (Fla. 1993) ("[T]his

4

Court has recognized exceptions to the doctrine of administrative finality based on a significant change of circumstances or a demonstrated public interest."). "A significant change in circumstances occurs when there has been a change in the facts or circumstances that led to the original agency decision." M.N. v. Agency for Perss. with Disabilities, 395 So. 3d 231, 238 (Fla. 5th DCA 2024).

Here, the record shows N.H. sought identical relief in both proceedings—a determination that she satisfies the statutory and regulatory criteria for a developmental disability under the autism or intellectual disability categories.[2] In each proceeding, however, N.H. failed to establish a critical statutory requirement: manifestation of the claimed developmental disability before the age of eighteen.[3] Because N.H. did not demonstrate

---

[2] A "developmental disability" must: (1) be attributable to a qualifying condition, including autism or intellectual disability; (2) manifest before age eighteen; and (3) constitute a substantial handicap reasonably be expected to continue indefinitely. § 393.063(11), Fla. Stat. "Intellectual disability" requires significantly subaverage intellectual functioning with concurrent adaptive deficits, manifesting before age eighteen. § 393.063(24), Fla. Stat. "Autism" is defined as a neurologically based developmental disability of extended duration with onset in infancy or childhood and characterized by significant impairments in social interaction, communication, and behavior. § 393.063(5), Fla. Stat.

[3] While N.H. submitted two additional items of evidence—a clinical report and a physician's note—neither provides new information establishing manifestation of a qualifying developmental disability before the age of eighteen.

any significant change in circumstances in her second Medicaid waiver application, we find there is competent substantial evidence to support the hearing officer's findings. Accordingly, we are compelled to affirm. See Pumphrey v. Dep't of Child. & Fams., 292 So. 3d 1264, 1267 (Fla. 1st DCA 2020) (affirming dismissal of a subsequent Medicaid application where no significant change in circumstances had been shown); M.M. v. Agency for Health Care Admin., 337 So. 3d 449, 449 (Fla. 3d DCA 2022) ("We are not free to substitute our judgment for that of a hearing officer, nor may we reweigh the evidence presented at the administrative hearing. Our review is limited to whether the hearing officer's findings are supported by competent, substantial evidence."); J.J. v. Agency for Perss. with Disabilities, 174 So. 3d 372, 372 (Fla. 3d DCA 2014) ("We are prohibited by statute from substituting our own judgment regarding the disputed facts when the administrative findings are based on competent, substantial evidence.").

Affirmed.